IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PLATO LEARNING, INC., et al.,

Plaintiffs

v.                                                    CIVIL 06-1443 (FAB) (JA)

EDUCATIONAL DEVELOPMENT
GROUP, INC., et al.,

Defendants

OPINION AND ORDER

This matter comes before the court on motion by plaintiff Plato Learning, Inc. (hereinafter "Plato") to lift a stay of discovery.  (Docket No. 99, January 2, 2008.)  Plato argues that if it is to properly oppose defendant Dietmar Nieves-Tirado's (hereinafter "Nieves") motion for summary judgment, then it must be allowed to engage in further discovery under Federal Rule of Civil Procedure 56(f).  (Id.)

Defendant Nieves filed a motion opposing Plato's motion to lift the stay on discovery wherein Nieves argues that Plato could have obtained the evidence necessary to resist summary judgment without engaging in discovery.  (Docket No. 106, February 2, 2008.)

Having considered the arguments of the parties and for the reasons set for below, I now GRANT Plato's motion to lift the stay on discovery.

CIVIL 06-1443 (FAB) (JA)                  2

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On May 8, 2006, Plato Learning, Inc., d/b/a Plato Learning, Lightspan, Inc. and The Lightspan Partnership (collectively "Plato") filed a complaint against Félix Sánchez-Rosado (hereinafter "Sánchez"), Dietmar Nieves-Tirado ("Nieves"), Roberto Micheri (hereinafter "Micheri"), José Javier Rivera (hereinafter "Rivera"), Milagros Pastor (hereinafter "Pastor" and collectively "Individual Defendants"), and Educational Development Group, Inc. (hereinafter "EDG" and collectively "Defendants").  (Docket No. 1.)  The complaint, based on diversity jurisdiction, alleged breach of contract, tortious interference with business and contractual relations, defamation and breach of fiduciary duty and loyalty.  (Id., at 1, ¶ 1.) The complaint alleged that EDG, a direct competitor of Plato, engaged in a "systematic raiding" of Plato's customers and employees in Puerto Rico, inducing the Individual Defendants to breach the non-solicitation clauses of their employment agreements with Plato, and illegally using confidential information the Individual Defendants obtained while employed by Plato.  (Id. at 2, ¶¶ 2-4.) Along with damages, Plato sought preliminary and permanent injunctive relief against the Defendants.  (Id. at 3, ¶ 5.)

Attached to the complaint was a statement by Alicia Santiago Díaz (hereinafter "Santiago"), Senior Educational Consultant with Plato, signed under penalty of perjury.  (Docket No. 1-11, Ex. G - Santiago Statement.)  In this

CIVIL 06-1443 (FAB) (JA)                    3

statement, Santiago alleged that, while she was "assisting [a] client at the Eugenio María de Hostos School in Cayey, the Coordinator Teacher complained about the services she was receiving from Rivera . . . that he had included products in his proposal for services that she did not recognize." (Id. at 1, ¶ 6.) Santiago continued:  "When I reviewed the proposal prepared by Rivera I found products included in list [sic] that I did not recognize as PLATO products. . . . The products were included in non-descript bundles within the PLATO products being offered." (Id. ¶ 7.) Santiago stated that she verified that these products were not available in the PLATO network.  (Id. at 2, ¶ 8.)  Santiago stated she "found additional bundles in proposals prepared by Nieves, Micheri and Rivera." (Id. ¶ 9.)

        The statement also alleged that when Santiago later met with Ada Francis Thillet ("Thillet"), School Director for the República de El Salvador School in the San Juan II school district, Thillet informed Santiago she would be changing from Plato to EDG, because Micheri and Nieves had given her a proposal from EDG for more products at a lower price. (Id. ¶ 11.)  Santiago alleged that Thillet  allowed her to review an exclusivity letter between the school and EDG:  this letter named "María Inés García and Féli[x] Sánchez Rosado" as EDG's officers.  (Id. ¶ 14.) Santiago stated that Sánchez had been in charge of Plato's warehouse and account receivables.  (Id. at 3, ¶ 16.)  Santiago concluded by stating that she

CIVIL 06-1443 (FAB) (JA)                         4

believed that Nieves, Micheri and Rivera might be using their knowledge of Plato prices, products and sales strategies to benefit themselves and EDG.  (Id. ¶ 17.)

On May 19, 2006, defendant Nieves filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 4.)  Nieves argued that, although the employment agreement between he and Plato contained a choice of law clause requiring the agreement to be enforced under the laws of the State of Minnesota, the agreement should be interpreted under Puerto Rico law because "choice of law provisions is part of the forum state substantive law." (Id. at 2-3.)  Even if the agreement contained a choice of law clause, argued Nieves, the court was required to determine if such choice of law clause was valid under Puerto Rico law.  (Id. at 3.)  Nieves argued that "the Court must apply the substantive laws of Puerto Rico and not those of Minnesota when ruling upon the present motion to dismiss" because Puerto Rico law requires that choice of law clauses not be enforced if the provision is contrary to public policy, and, argued Nieves, the non-competition covenants in the employment agreement failed to meet the requirements for such set out by the Puerto Rico Supreme Court.  (Id. at 3.)

Working from this platform, Nieves argued the complaint should be dismissed because (1) there was no consideration for the non-competition agreement; (2) the scope of the non-competition clause was unreasonable; (3)

CIVIL 06-1443 (FAB) (JA)                    5

the scope of the confidentiality agreement was unreasonable; and (4) the scope of the non-solicitation clause was unreasonable.  (<u>Id.</u> at 8-11.)   Nieves also argued there was "not even a scintilla of well-pleaded facts" to support Plato's claims of defamation against business and breach of fiduciary duty and loyalty. (<u>Id.</u> at 13.)

On June 5, 2006, Plato filed its opposition to Nieves' motion to dismiss. (Docket No. 8.)  Plato argued that Nieves had not met the standard necessary for dismissal under 12(b)(6) because Nieves did not demonstrate "that no relief could be granted, under any theory, 'under any set of facts that could be proved consistent with the allegations.'"  (<u>Id.</u> at 2.)   Plato pointed out that Nieves' argument was fatally flawed because the employment agreement contained a non-solicitation clause, not a non-competition clause. (<u>Id.</u> at 4.)  Plato noted that the employment agreement specifically stated that former Plato employees should feel free to work for "any other company, including a competitor."  (<u>Id.</u>)

Plato argued that, even if the court was to choose Puerto Rico law, the employment agreement was valid and enforceable because it met the requirements for a contract under the Puerto Rico Civil Code (<u>id.</u> at 5), and in any event, Nieves did not contest that the agreement met those requirements.  (<u>Id.</u> at 6.)  Plato also argued that even if the court determined that the restrictions in the employment agreement amounted to a covenant against competition, it met

CIVIL 06-1443 (FAB) (JA)                6

the requirements for a valid non-compete agreement under Puerto Rico law.  (<u>Id.</u> at 6-9.)   Finally, Plato argued that Santiago's statement, attached to the complaint, gave enough notice pleading to sustain the defamation and breach of fiduciary duty and loyalty claims it alleged.  (<u>Id.</u> at 10.)

On June 13, 2006, Nieves filed a response to Plato's reply to his motion to dismiss.  (Docket No. 11.)  Therein, Nieves argued that while the validity of the employment agreement was contested, it was not the basis of his motion to dismiss.  (<u>Id.</u> at 2.)  Nieves argued that Plato illegally retained commissions already earned by Nieves in order to coerce him into the agreement.  (<u>Id.</u>) Nieves argued that the post-employment restrictions amounted to a non-compete covenant (<u>id.</u> at 3-4) that did not meet the requirements for non-competition covenants established in Puerto Rico law.  (<u>Id.</u> at 4-5.)  Nieves argued that the statement attached to the claim in no way sustained a claim for breach of fiduciary duty or defamation.  (<u>Id.</u> at 7-8.)

On June 19, 2006, co-defendants Pastor and Rivera filed a motion to join Nieves' motion to dismiss.  (Docket No. 17.)  On June 21, 2006, Pastor and Rivera's motion to join was granted.  (Docket No. 19.)

In a letter dated June 20, 2006, Plato's counsel, James McCartney (hereinafter "McCartney"), sought to schedule a 26(f) meeting with Nieves' counsel, Eldia Díaz (hereinafter "Díaz"), in order to begin discovery as soon as

CIVIL 06-1443 (FAB) (JA)                    7

possible.  (Docket No. 22-2, Ex. A.)  McCartney stated he was available June 27, 28, 29, 30 and July 5, 6, and 7.  (Id.)

In a letter dated June 27, 2006, Díaz responded to McCartney's letter.  (Id., Ex. B.)  First, Díaz pointed out that although McCartney's letter was dated June 20, 2006, it was sent via facsimile on June 26, 2006.  (Id.)  Second, Díaz expressed some confusion as to Plato's representation, stating "no mention" was made of legal representation for Plato in the related case of Nieves v. Plato Learning Inc., Civil 06-1242 (CCC), even though Díaz had been told by "Attorney Sánchez from Schuster & Aguiló" that McCartney would be representing Plato in that case.  (Id.)  Díaz stated they had been trying to schedule a 26(f) meeting in Civil 06-1242 since April, 25, 2006, stating that the delay in assuming representation in Civil 06-1242, "for no apparent good reason, is delaying the proceedings in said matter.  Needless to say, we would also like to expedite the discovery in said proceeding."  (Id.)  Third, Díaz explained she did not have any of the dates suggested by McCartney available, but suggested that "as soon as all of the defendants in Civil Case No. 06-1443 are under the jurisdiction of the Court we can schedule the Rule 26 (f) meeting for both cases on the same date."  (Id.)  Díaz suggested the dates of August 7, 8 and 9, stating she would be out of the office most of July and the end of August.  (Id.)

CIVIL 06-1443 (FAB) (JA)                    8

In a letter dated June 29, 2006, McCartney clarified that he was counsel for Plato in Civil 06-1242 and noted that Díaz was not on record, which may have been why she did not receive notice of his representation.  (Id., Ex. C.) McCartney explained that he wished to have a 26(f) meeting sooner than August 7, 2006, because this matter involved a preliminary injunction, and, as such, took priority over other civil cases.  (Id.)  McCartney supplied more dates in July and stated he was willing to meet on a weekend if necessary.  (Id.) McCartney stated that "[a]s to the participation of the other defendants, it is our opinion that they are evading service and we will use the discovery process to locate and serve them."  (Id.)

In a letter dated June 30, 2006, Díaz stated that McCartney's "'opinion' that defendants are 'evading service' is . . . without any basis."  (Id., Ex. D.)  Díaz noted that her firm had "voluntarily notified prior counsel for Plato of our availability to receive the summons on behalf of our client" only ten days after Plato filed its complaint.  (Id.)  Díaz noted that since her firm agreed to receive summons on behalf of Nieves, almost forty (40) days had passed without any motion by Plato to commence discovery.  (Id.)  Meanwhile, stated Díaz, her firm had "diligently moved the court to dismiss the action against [the defendants]." (Id.)  Díaz stated that "[i]f Plato had the urgency it claims it has to move this case along, it cannot blame anybody besides themselves [sic]."  (Id.)  Díaz concluded

CIVIL 06-1443 (FAB) (JA)                    9

by stating that her firm was not "refusing" to meet with Plato for discovery. (Id.) "To the contrary," stated Diaz, "as we have been trying to do in Civil Case No. 06-1242 for quite a while (since April) but have been unable due to Plato's unavailability, we are trying to do so as promptly as possible but in full cooperation with all attorneys of record." (Id.)

On July 17, 2006, Plato filed a motion to expedite discovery. (Docket No. 22.)  Plato argued that discovery should begin as soon as possible because, among other things, the complaint prayed for preliminary injunctive relief. (Id. at 1.)  Plato asserted it intended "to serve requests for production and interrogatories, issue nonparty subpoenas, and take depositions. . . ." (Id. at 2.) Plato also argued that, because the Defendants had "stonewalled" attempts by Plato to have a discovery conference sooner rather than later, the court should order expeditious discovery. (Id. at 3.)

On July 21, 2006, Nieves filed a response in opposition to Plato's motion to expedite discovery. (Docket No. 26.)  First, Nieves argued the Defendants had not been stonewalling Plato but simply had prior commitments on the dates that Plato had suggested for the discovery conference. (Id. at 2-3.)  Second, Nieves contended that Plato had met the standards necessary for expedited discovery. (Id. at 5.)

CIVIL 06-1443 (FAB) (JA)                    10

On August 23, 2006, Nieves filed a motion to stay discovery.  (Docket No. 28.)  Therein, Nieves noted that on this same date, counsel for Nieves and counsel for Plato held a meeting pursuant to Federal Rule of Civil Procedure 26(f).  (Id. at 2.)  Nieves stated that at this meeting, counsel for Plato attempted to serve counsel for Nieves with a copy if Plato's first set of interrogatories.  (Id.)  Nieves stated that counsel for Nieves refused such service because "no discovery plan had been agreed to."  (Id.)

Nieves argued that discovery should be stayed because the court had not yet made a decision on his motion to dismiss under 12(b)(6).  (Id. at 3.)  Any discovery made before such decision, argued Nieves, would be a waste of time and resources.  (Id.)  Co-defendants Pastor and Rivera joined Nieves' motion on that same date.  (Docket No. 29.)

On August 31, 2006, Plato filed a response in opposition to Nieves' motion to stay discovery.  (Docket No. 30.)  Plato argued that "[t]he burden on defendants of answering interrogatories and attending some depositions is far outweighed by the ongoing harm to plaintiffs if the case is stayed."  (Id. at 2-3.)

On September 7, 2006, the court denied both Nieves' motion to stay discovery (Docket No. 32) and motion to dismiss, holding that such an issue must be resolved in the Rule 56 context.  (Docket No. 33.)  On that same date, the court also denied Plato's motion to expedite discovery.  (Docket No. 35.)

CIVIL 06-1443 (FAB) (JA)                    11

On September 8, 2006, the case was referred to me for pre-trial management (Docket Nos. 37 & 38) and on September 11, 2006, a case management conference was scheduled for September 21, 2006.  (Docket No. 39.)

Also on September 11, 2006, Nieves filed a motion to alter the judgment or amend the order denying his motion to dismiss (Docket No. 40), and co-defendants Pastor and Rivera moved to join that motion.  (Docket No. 41.) Nieves argued that "the Court erred in denying the motion to dismiss based upon its view that the issues presented for adjudication by the motion to dismiss should be resolved in the context of a motion for summary judgment." (Docket No. 40, at 5.)

On September 18, 2006, Plato filed a motion in opposition of Nieves' motion to alter judgment or amend order.  (Docket No. 44.)  That same date the court denied Nieves' motion for reconsideration.  (Docket No. 47.)

On September 26, 2006, Nieves' filed a motion for summary judgment. (Docket No. 54.)  Therein, Nieves made the same argument that formed his motion to dismiss: that the employment agreement contained a non-compete covenant, that the court must look to Puerto Rico law in deciding the validity of the non-compete covenant, and that the non-compete covenant does not meet the requirements for such under Puerto Rico law.  (Id. at 3-9.)  Nieves reiterated

CIVIL 06-1443 (FAB) (JA)                    12

his contention that the employment agreement lacked consideration, and the non-compete, non-solicitation and confidentiality covenants were unreasonable in scope.  (Id. at 9-13.)  Nieves again claimed that Santiago's statement did not sustain a claim of fiduciary duty and was a self-serving declaration.  (Id. at 14-15.)  Nieves added that Plato's defamation claim should be dismissed because there was no evidence Nieves ever made any defamatory statements against Plato.  (Id. at 15-17.)

On September 27, 2006, EDG and Sánchez filed a motion to dismiss, arguing that Plato had failed to effectuate service of summons within 120 days and failed to show good cause as to why the time limit should be extended. (Docket No. 56.)  On September 29, 2006, defendant Micheri moved to join that motion (Docket No. 58) and on October 2, 2006, Plato filed a response in opposition to EDG, Sánchez and Micheri's motion to dismiss.  (Docket No. 60.)

On October 3, 2006, Plato filed a motion entitled "Response in Opposition to Motion for Summary Judgment."  What the motion sought however, was discovery prior to summary judgment under Federal Rule of Civil Procedure 56(f). (Docket No. 61.)  Plato noted that even though defendants' motion to stay discovery had been denied, defendants had still not provided Plato with their initial disclosures in violation of Federal Rule of Civil Procedure 26(f).  (Id. at 2.)  Plato also noted that defendants still had not responded to its letters seeking dates to schedule depositions.  (Id.)  Plato argued that, under Federal Rule of Civil

CIVIL 06-1443 (FAB) (JA)                    13

Procedure 56(f), it should be allowed to obtain affidavits, take depositions, and engage in other discovery before answering Nieves' motion for summary judgment. (Id. at 2-4.) On October 10, 2006, Nieves filed a motion in opposition to Plato's motion requesting discovery under 56(f). (Docket No. 65.) Nieves argued that Plato could not simply state it would benefit from discovery (id. at 3), but had to specifically state what additional discovery it contemplated. (Id. at 3-4.)

Nieves argued that Plato's contention that there was no non-compete covenant in the employment agreement was a matter of contract interpretation, a matter of law, and therefore perfect for summary judgment adjudication. (Id. at 4.) Nieves further argued that the employment agreement itself did not show that any consideration was given for the agreement. (Id.)

In regards to Plato's allegations of breach of fiduciary duty and loyalty, Nieves argued that Santiago is a witness who is "obviously readily available to Plato . . . to produce any statement to oppose the motion for summary judgment." (Id.)   Nieves argued that even if Santiago's statement renders no basis for a cause of action, Plato could depose the unidentified teacher who "allegedly provided information to Ms. Santiago." (Id. at 5.)

CIVIL 06-1443 (FAB) (JA)                    14

Nieves noted that, because the complaint alleged that the defamatory statements were made to current Plato employees, those employees should be readily available to Plato without discovery.  (Id.)

On October 12, 2006, co-defendants EDG and Sánchez filed a motion to stay discovery proceedings, arguing that since there had been no disposition on their motion to dismiss, discovery made before such disposition would result in undue expense and burden.  (Docket No. 69.)

On October 13, 2006, co-defendants Rivera and Pastor filed a motion for summary judgment and statement of uncontested facts, arguing that they were similarly situated to Nieves in this case and should therefore be granted summary judgment for the same reasons.  (Docket Nos. 70 & 71.)

On October 17, 2006, Micheri filed a motion to stay discovery pending adjudication of his motion to dismiss, arguing he was similarly situated to defendants EDG and Sánchez.  (Docket No. 73.)

On October 18, 2006, Plato filed a response in opposition to Rivera and Pastor's motion to stay discovery, arguing that because they were using the same argument Nieves used in his failed motion to stay discovery, Rivera and Pastor's similar motion should also be denied.  (Docket No. 74.)  On that same date, Plato also filed a response in opposition to EDG, Sánchez and Micheri's motions to stay discovery arguing that the motions should be denied because those defendants

CIVIL 06-1443 (FAB) (JA)                    15

failed to comply with Local Rule 26(b) and because the issue of staying discovery

pending the disposition of a dispositive motion had already been ruled upon by the

court.  (Docket No. 75.)

　　　　Also on October 18, 2006, Plato filed a motion to compel discovery arguing

that it had "exhausted all reasonable means to resolve this issue in good faith with

defendants."  (Docket No. 76, at 2.)  Plato made special mention of the fact that

"this is not a case of a party having raised an objection to a specific interrogatory

or to the scope of permissible discovery - this is a case where the defendants have

refused to deign [sic] to respond to discovery."  (Id. at 3.)

　　　　On October 19, 2006, Plato filed a response in opposition to Pastor and

Rivera's motion for summary judgment.  (Docket No. 77.)  Therein, Plato made

the same argument it made in its opposition to Nieves' motion for summary

judgment: Plato should be allowed discovery before answering motions for

summary judgment under Federal Rule of Civil Procedure 56(f).  (Id. at 2-4.)

　　　　On October 20, 2006, Plato filed a response in opposition to the motions to

stay discovery filed by Nieves, Micheri, EDG and Sánchez, and Pastor and Rivera.

(Docket No. 78.)  Therein, Plato alleged that at that day's case management

conference the defendants stated that the meeting held on August 23, 2006, was

not actually a 26(f) meeting because defendants EDG, Sánchez, and Micheri did

not participate.  (Id. at 1.)  Plato pointed out that Nieves, Pastor and Rivera all

CIVIL 06-1443 (FAB) (JA)                    16

filed motions to stay discovery on the same day of the 26(f) meeting.  (Id.)  In those motions, noted Plato, not only did none of those defendants argue that the 26(f) meeting was "somehow improper," but they "acknowledged that a Rule 26(f) meeting was held."  (Id. at 1-2.)  Plato also noted that Rule 26(f) makes explicitly clear that defendants with a pending Rule 12 motion are equally responsible for attending a 26(f) meeting.  (Id. at 2-3.)  Plato proposed that these defendants' arguments were "further evidence of the lengths to which they will go to stonewall discovery in this case."  (Id. at 3.)

On October 27, 2006, I granted defendants motions to stay discovery (Docket No. 84), and recommended that EDG and Sánchez' motion to dismiss be granted because Plato missed the deadline for service to those defendants by fourteen (14) days.  (Docket No. 85, at 4-5.)  On November 2, 2006, Plato filed a motion of voluntary dismissal against EDG, Sánchez and Micheri (Docket No. 87), and on November 9, 2006, I ordered the claims dismissed against them without prejudice.  (Docket No. 88.)

On November 6, 2006, Plato filed a separate action against EDG, Sánchez and Micheri (Civil 06-2114, Docket No. 1), served the three defendants on February, 7, 2007 (Civil 06-2114, Docket No. 4), and the complaints were answered in March and April, 2007.  (Civil 06-2114, Docket Nos. 11 & 19.)  The defendants moved to consolidate the two cases (Civil 06-2114, Docket No. 20 &

CIVIL 06-1443 (FAB) (JA)                    17

23), and on May 31, 2007, with the consent of Judge Cerezo, who was handling Civil 06-2114, the cases were consolidated.  (Civil 06-2114, Docket Nos. 26 & 27.)

On January 2, 2008, Plato filed the instant motion to lift the stay on discovery.  (Docket No. 99.)  Plato once again argues that, unless the stay on discovery is lifted, it will not be able to answer Nieves' motion for summary judgment, "especially to the claims for tortious interference, defamation and breach of the employees' fiduciary duty and loyalty to PLATO."  (Id. at 6, ¶ 15.) Despite still not being allowed to engage in discovery, Plato found evidence that:

1.   As early as April 2005, while employed by Plato, Sánchez and Nieves met with Sandra Fivecoat (hereinafter "Fivecoat"), a former Plato employee, to inquire about selling educational software in Puerto Rico; Fivecoat put Sánchez and Nieves in touch with Alchemy Training Systems, LP. (Id. at 7, ¶ 18a; Ex. 1.)  Alchemy, Nieves, Sánchez and Fivecoat signed a memorandum of understanding for the sale of educational software.  (Id.)

2.   Nieves, Micheri, Rivera and Pastor all resigned from Plato by e-mail within the same twenty-four (24) hours.  (Id. ¶ 18b; Ex. 2.)

3.   Nieves told his psychiatrist, Dr. Jorge González Barreto, that he was planning on starting his own business with his coworkers. (Id. at 8, ¶ 18c; Ex. 3.)

CIVIL 06-1443 (FAB) (JA)                    18

Plato argues that if it "has been able to uncover this much information without the benefit of discovery, who knows what it will be able to find out if allowed to conduct discovery in the normal course of litigation?" (Id. at 8, ¶ 19.) Plato contends that its motion to compel discovery should be granted because it needs to know which of its customers "EDG has sold to in the relevant time frame among other discovery[,]" and "needs to depose the defendants to confront them over discrepancies between their sworn statements in support of their summary judgment motions and contrary statements and facts." (Id. at 8-9, ¶ 20.)

On January 17, 2008, the case was referred to me for a report and recommendation on all dispositive motions. (Docket No. 102.)

On February 2, 2008, Nieves filed a response in opposition to Plato's motion to lift the stay on discovery. (Docket No. 106.) Nieves argues that Plato's motion to lift the stay is nothing but a "super late' motion for relief from order." (Id. at 2, ¶ 5.) Nieves argues that under Rule 59(e), Plato's motion for reconsideration should be denied, not only because it is outside the ten (10) day span allowed for such a motion, but because 59(e) motions cannot be used to raise new arguments. (Id. at 3, ¶ 8.) Nieves also argues that Plato is not entitled to relief under Rule 60 because the evidence Plato presented in its motion to lift the stay in discovery is not new, but has been in Plato's possession all along. (Id. at 4-5, ¶ 13.)

CIVIL 06-1443 (FAB) (JA)                    19

Nieves once again argues that Plato is prepared to respond to Nieves' motion for summary judgment because (1) the validity of the employment contract is a matter of law; (2) Plato could easily have obtained the evidence necessary to support a claim of fiduciary duty; and (3) Plato could easily have obtained the evidence necessary to support a defamation claim. (Id. at 6-7, ¶¶ 20 & 21.)

Plaintiff filed a reply to the response on February 21, 2008. (Docket No. 112.)

## II.  SUMMARY JUDGMENT STANDARD

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b).

Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  To succeed on a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has brought a properly supported motion for summary judgment, the burden shifts to the nonmoving party to set forth specific facts

CIVIL 06-1443 (FAB) (JA)                    20

showing there is a genuine issue for trial and that a trier of fact could reasonably find in the non-movant's favor.   Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000).

### III.  DISCUSSION

Where a non-movant under Rule 56 would bear the burden of proof at trial, its failure to produce sufficient evidence to generate a trial worthy issue warrants summary judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

> Should it appear from the affidavits of a party opposing the motion that [the party] cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Id. at 326.  "[S]uch a motion must (1) be presented in a timely manner, (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will 'influence the outcome of the pending motion for summary judgment.'"   Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 127 (1st Cir. 2006) (quoting Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).

CIVIL 06-1443 (FAB) (JA)                 21

First, Plato's motion for relief under 56(f) was timely:  Plato moved for relief under Rule 56(f) for the first time on October 3, 2006, in its response to Nieves' motion for summary judgment, filed September 26, 2006.

Second, Plato has not been able to marshal the facts necessary to oppose summary judgment because defendants have, in fact, been "stonewalling" its efforts at discovery.  At first defendants' reasons for not engaging in discovery seemed plausible:  in June and July of 2006, defendants could not entertain discovery because they had other, more pressing matters, and in August 2006 defendants opposed Plato serving them with interrogatories until there was a satisfactory 26(f) discovery plan.  But from September 7, 2006, when the court denied Nieves' motion to stay discovery, to October 3, 2006, when Plato filed its opposition to Nieves' motion for summary judgment, the defendants made no efforts to schedule depositions or answer interrogatories.  On October 18, 2006, fifteen days later, Plato filed a motion to compel discovery because it had "exhausted all reasonable means to resolve the issue in good faith with the defendants."  Nieves, for his part, does not even contest that he has not cooperated in discovery, but instead argues that Plato does not need to engage in discovery.

Third, Plato has gathered enough evidence thus far to establish that the facts Plato seek actually exist.  Plato has already garnered statements from

CIVIL 06-1443 (FAB) (JA)                    22

several different sources indicating that the Individual Defendants engaged in some dealings with EDG before their resignations.  Santiago's statement alone, which states that Rivera and others were offering non-Plato products to Plato's clients, suggests that some evidence exists of the defendants' extra-contractual activity.

Fourth, Plato contends, inter alia, that its motion should be granted because it needs to know which of its customers "EDG has sold to in the relevant time frame among other discovery[,]" and "needs to depose the defendants to confront them over discrepancies between their sworn statements in support of their summary judgment motions and contrary statements and facts."  These facts relate directly to Plato's claim and could serve in its opposition to Nieves' motion for summary judgment.

IV.  CONCLUSION

In view of the above I find that Plato has met the requirements under Federal Rule of Civil Procedure 56(f) to engage in further discovery before opposing the motion for summary judgment.  Therefore, Plato's motion to lift the stay of discovery is GRANTED.

At San Juan, Puerto Rico, this 27th day of February, 2008.

S/ JUSTO ARENAS
Chief United States Magistrate Judge