IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PLATO LEARNING, INC., et al.,

Plaintiffs

v.

EDUCATIONAL DEVELOPMENT
GROUP, INC., et al.,

Defendants

CIVIL 06-1443 (FAB) (JA)

O R D E R

This matter comes before the court on motion by defendants Milagros Pastor-Cortés, José Javier Rivera, and Roberto Micheri (collectively "defendants") objecting, pursuant to Federal Rule of Civil Procedure 72(a), to an opinion and order I issued on March 12, 2008.  (Docket No. 114; see Docket No. 113.)

In the aforementioned opinion and order (Docket No. 113), I lifted a stay on discovery imposed upon the parties on October 27, 2006 (Docket No. 84) noting that plaintiffs Plato Learning, Inc. ("Plato"), needed to know which of its customers Educational Development Group ("EDG") "'has sold to in the relevant time frame among other discovery[,]' and 'needs to depose the defendants to confront them over discrepancies between their sworn statements in support of their summary judgment motions and contrary statements and facts.'" (Docket No. 113.)

CIVIL 06-1443 (FAB) (JA)                2

The defendants object to the opinion and order "[i]nasmuch as Rule 56(f) is limited to discovery necessary to permit an opposing party to obtain affidavits or depositions on affidavit facts essential to justify the party's opposition to the pending motion for summary judgment[.]"  (Docket No. 114, at 2, ¶ 5.)  The defendants therefore request that the opinion and order be limited accordingly. (Id.)

Federal Rule of Civil Procedure 56(f) provides that:

> If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>     (1) deny the motion;
>     (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>     (3) issue any other just order.

Fed. R. Civ. P. 56(f).  "Rule 56(f) serves a salutary purpose within the summary judgment framework.  When a party confronted by a motion for summary judgment legitimately needs additional time to marshal the facts necessary to mount an opposition, the rule provides a useful safety valve."  Rivera-Torres v. Rey-Hernández, 502 F.3d 7, 10 (1st Cir. 2007) (citing Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)).  Rule 56(f) "gives a party with an authentic need the opportunity to buy more time to mount an opposition to summary judgment."  Guzmán-Ruiz v. Hernández-Colón, 406 F.3d

CIVIL 06-1443 (FAB) (JA)             3

31, 35 (1st Cir. 2005) (citing Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d at 1203).

    Therefore, because Plato seeks discovery under Rule 56(f) in order to oppose the defendants' motion for summary judgment, discovery will be limited to affidavits, depositions and other discovery necessary to such opposition and to contradict the defendants' statements of fact in support of summary judgment.

    SO ORDERED.

    At San Juan, Puerto Rico, this 3rd day of April, 2008.

                                              S/ JUSTO ARENAS
                               Chief United States Magistrate Judge