IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PLATO LEARNING, INC., et. al.,<br><br>Plaintiffs<br><br>v.<br><br>EDUCATIONAL DEVELOPMENT GROUP, INC., et. al.,<br><br>Defendants | CIVIL 06-1443 (FAB) (JA) |

O R D E R

This matter comes before the court on motion by plaintiffs Plato Learning, Inc., d/b/a Plato Learning, Lightspan, Inc. and The Lightspan Partnership (collectively "Plato"), requesting a clarification of an order limiting a lift on a stay of discovery. (Docket No. 116.)

The stay of discovery as to the claims against Educational Development Group, Félix Sánchez-Rosado and Roberto Micheri is lifted because these defendants have no pending dispositive motions.

The stay of discovery as to the claims against Dietmar Nieves-Tirado, José Javier Rivera and Milagros Pastor is lifted but is limited to opposing the five arguments these defendants have made as to why summary judgment should be granted in their favor.

CIVIL 06-1443 (FAB) (JA)                           2

Plato filed three causes of action against Nieves, Rivera and Pastor: (1) "breach of contract based upon non-competition, confidentiality and non-solicitation provisions of an employment agreement; (2) "defamation against business"; and (3) "breach of fiduciary duty." (Docket No. 54, at 2; Docket No. 70 at 2; Docket No. 1, at 19, 22-24.)

Nieves argues he should be granted summary judgment for five reasons. Pastor and Rivera make the same arguments, noting that the only difference between the claims against them and Nieves are the dates of employment.[1]

First, Nieves alleges that the employment agreement is void because it is actually a non-compete agreement (Docket No. 54, at 3-4) which, when analyzed under Puerto Rico law (id. at 4-9), is invalid because it lacked consideration (id. at 9-10) and was unreasonable in scope. (Id. at 10-11.)

Second, Nieves alleges that, assuming the employment contract is not void *ab initio*, he has not breached the confidentiality clause of the employment contract "since at no time has he disclosed any confidential, proprietary or trade secret information." (Id. at 11-12.)

Third, Nieves alleges that, assuming the employment agreement is not void *ab initio*, he has not breached the non-solicitation clause of the employment

---

[1] Pastor and Rivera state that "it is deemed unnecessary to reargue the same law that co-defendant Nieves has very adequately presented to the court for which, appearing co-defendants hereby incorporate to the present motion[.]" (Docket No. 70, at 3, ¶ 8.)

CIVIL 06-1443 (FAB) (JA)               3

contract since he "has not solicited the employment of any prior Plato employee either for himself or for any other third party." (Id. at 12-13.)

Fourth, Nieves alleges that "while employed by Plato he never transacted business on his own account and/or on behalf of Educational Development Group." (Id. at 14.)  Nieves claims that Santiago's statements are insufficient to support this cause of action.  (Id.)

Fifth, Nieves alleges "he never made any false statement or defamatory statement regarding Plato[.]" (Id. at 15-17.)

It is these five issues that are to be the substance of Plato's discovery as to its claims against Nieves, Rivera and Pastor.  Because the stay of discovery is being lifted pursuant to Federal Rule of Civil Procedure 56(f), Plato's discovery efforts, as it pertains to these three defendants, is limited to opposing the five reasons these defendants have set forth for granting summary judgment.

SO ORDERED.

At San Juan, Puerto Rico, this 30th day of April, 2008.

                              S/ JUSTO ARENAS
                         Chief United States Magistrate Judge